NANCY L. ABELL (SB# 088785)
nancyabell@paulhastings.com
HEATHER A. MORGAN (SB# 177425)
heathermorgan@paulhastings.com
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

GINA GUARIENTI COOK (SB# 245611)
ginacook@paulhastings.com
PAUL, HASTINGS, JANOFSKY &
WALKER LLP
55 Second Street, Twenty-Fourth Floor
San Francisco, CA 94105
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Attorneys for Defendants
KAISER FOUNDATION HEALTH PLAN,
INC., KAISER FOUNDATION HOSPITALS,
and THE PERMANENTE MEDICAL
GROUP, INC.

JEREMY L. FRIEDMAN, CA Bar No. 142659
jlfried@comcast.net
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087

GORDON W. RENNEISEN, CA Bar No. 129794
grenneisen@cornerlaw.com
Cornerstone Law Group
595 Market Street, Suite 2360
San Francisco, CA 94105
Telephone:  (415) 625-5025
Facsimile:  (415) 655-8236

KENDRA L. TANACEA, CA Bar No. 154843
kendra.tanacea@sbcglobal.net
Law Offices of Kendra L. Tanacea
198 Corbett Avenue
San Francisco, CA 94114
Telephone: (415) 934-8844
Facsimile: (415) 934-8840

Attorneys for Plaintiffs and all others similarly
situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA HILL, MEDHANIE BERNE, PATSY HARDY, MICHELLE MIKE, EVELYN JENNINGS and RENA HARRISON on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; and THE PERMANENTE MEDICAL GROUP; d/b/a KAISER PERMANENTE MEDICAL CARE PROGRAM,<br><br>                    Defendants. | No. CV 10 2833-RS<br><br>**JOINT CASE MANAGEMENT STATEMENT AND [~~PROPOSED~~] ORDER**<br><br>Hon. Richard Seeborg<br><br>Case Management Conference:<br>May 12, 2011 at 9:30 a.m. |

## INTRODUCTION

In accordance with Civil Local Rule 16-9 and the Northern District's Standing Order re Contents of Joint Case Management Statements, the parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order and request that the Court adopt it as its Case Management Order pursuant to Fed. R. Civ. P. 26(f), and Civil Local Rule 16-3.

This Case Management Statement has been jointly prepared by counsel for the plaintiffs – Brenda Hill, Medhanie Berhe, Patsy Hardy, Michelle Mike, Evelynn Jennings, and Rena Harrison, suing on behalf of themselves and all others similar situated (collectively "Plaintiffs") – and counsel for defendants – Kaiser Foundation Health Plan, Inc. ("Health Plan"), Kaiser Foundation Hospitals ("Hospitals"), and The Permanente Medical Group, Inc. ("Medical Group"), collectively referred to as "Kaiser" or "Defendants."

## PROCEDURAL BACKGROUND: PLAINTIFFS' FAC AND DEFENDANTS' MOTION TO DISMISS

Plaintiffs first filed this action on behalf of six individuals on June 28, 2010, alleging a pattern and practice of discrimination against African-Americans and African-American women.  On Defendants' motion, this Court dismissed Plaintiff's initial complaint, but granted leave to amend. Plaintiffs then timely filed a First Amended Complaint ("FAC").  The FAC (Docket No. 35) was filed on March 28, 2011 and asserts claims on behalf of (a) a putative class consisting of "all African-Americans or persons of African descent or origin who were employed by Kaiser in the Northern California Region during the liability period to perform administrative and/or clerical functions" and (b) a putative subclass of African American females so employed.  FAC ¶17, ¶24.

In the FAC, Plaintiffs allege that Kaiser has engaged in a widespread pattern of discrimination:

[There is a] pattern and practice of employment discrimination against African-American and African-American women in terms of promotion and retention in clerical and administrative positions throughout Kaiser's Northern California region. Although a substantial percentage of Kaiser's workforce is comprised of African-American and African-American female employees, due to systemic discrimination by a management that is predominately non-African-American, this class and subclass of employees are too often denied training, job reclassifications, positive performance reviews, transfers and promotions, and they are disproportionately subjected to discipline and termination. As a result, Kaiser's workforce has a disparate distribution by race and gender, with African-American and African-American women predominantly assigned to the lowest paying positions with the least chance of advancement, and predominantly excluded from the higher paying and more secure supervisory and management positions – positions that have the greatest influence and decision-making authority with respect to reviews, promotions, retention, and termination.

Kaiser's management has been fully aware of the discriminatory employment patterns and practices existing in its workforce. Internally, through administrative agencies and in litigation, African-American and African-American employees have complained about their experiences of unequal treatment. As a governmental contractor, Kaiser is required to collect equal employment opportunity data and report the results of its analyses to governmental agencies. Rather than investigate and remedy the systemic discrimination, Kaiser expends considerable resources manufacturing false pretexts to justify its unlawful practices, and the employer retaliates against those who complain.

FAC ¶1-2. Plaintiffs allege that they – and the other members of the putative class – were subjected to this pattern and practice of discriminatory treatment and assert claims pursuant to the California Fair Employment and Housing Act (FEHA), California Government Code §12940 et seq., and federal civil rights laws, 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2.[1] They seek, in part, an injunction requiring Kaiser to end its discriminatory practices, compensatory damages, and punitive damages.

Defendants deny all allegations of wrongdoing and damages in the FAC, but have not yet answered the FAC. Defendants have instead filed a Fed. R. Civ. P. 12 motion that seeks an order dismissing the class, subclass, and pattern-and-practice allegations in the FAC (as well as disparate

impact claims under 42 U.S.C. §1981), or, in the alternative, striking all class, subclass, and pattern-and-practice claims or, in the alternative, requiring plaintiffs to provide a "more definitive statement" of the putative class and subclass at issue.  Defendants submit that "all African-Americans or persons of African descent or origin who were employed . . . to perform administrative and/or clerical functions" is fatally vague and uncertain; the putative class and subclass could encompass virtually every employee of Defendants, from executives to electricians.  Defendants' motion is set for hearing on June 23, 2011.

Defendants further submit that Plaintiffs will not be able to represent a class that meets the requirements of all four of Rule 23(a)'s subparts *and* Rule 23(b)(3), nor may a class as alleged be certified under Rule 23(b)(2).

## JOINT CASE MANAGEMENT STATEMENT

### 1)  JURISDICTION AND SERVICE

Jurisdiction for Plaintiffs' claims under the federal civil rights statutes exists pursuant to 28 U.S.C. §1331.  Pursuant 28 U.S.C. §1367, this Court has supplemental jurisdiction over Plaintiffs' claims arising under FEHA.  There are no known issues regarding personal jurisdiction or venue, and no parties remain to be served.

### 2)  FACTS

Plaintiffs contend that principle factual questions at issue in this litigation include the following:

a.      Whether Defendants engaged in a pattern and practice of discrimination against African-Americans or persons of African descent or origin who were employed by Kaiser in the

---

[1] In addition, plaintiffs Patsy Hardy, Michelle Mike and Rena Harrison individually claim that they were subject to discrimination and retaliation on the basis of disability.  These individual claims are brought pursuant to FEHA and the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.

Northern California Region during the liability period to perform administrative and/or clerical functions.

b.      Whether Defendants maintain a system for making decisions about training, performance reviews, discipline, assignments, pay, classifications, transfer, retention and promotion into supervisory and management positions which has a disparate impact on the putative class of African-American employees.

c.      Whether Defendants maintain a system for making decisions about training, performance reviews, discipline, assignments, pay, classifications, transfer, retention and promotion into supervisory and management positions which has a disparate impact on the putative sub-class of African-American women.

d.      Whether Defendants engaged in a pattern and practice of intentional discrimination against the putative class of African-American employees.

e.      Whether Defendants engaged in a pattern and practice of intentional discrimination against the putative sub-class of African-American women.

Defendants contend that principle factual questions at issue in this litigation include the following:

a.      Whether each and all of the named Plaintiffs has exhausted administrative remedies with respect to the statutory claims asserted under Title VII, the Americans with Disabilities Act and FEHA.

b.      Whether each and all of the named Plaintiffs has been discriminated against by each and all of the Defendants based upon his or her protected group status(es) as alleged in the FAC and suffered any damages as a result of such discrimination by each and all of the Defendants.

c.      If a class is certified, whether there is an actionable pattern-and-practice of discrimination against the members of the certified class as a whole.

**3) LEGAL ISSUES**

Principle legal questions at issue in this litigation include the following:

a.       Whether the class claims and allegations set forth in the FAC – and challenged by Defendants' Fed. R. Civ. P. 12 motion – are properly plead.

b.       Whether each and all of the named Plaintiffs has exhausted administrative remedies with respect to the statutory claims asserted under Title VII, the Americans with Disabilities Act and FEHA.

c.       Whether each and all of the named Plaintiffs has an actionable claim for discrimination and any damages against each and all of the Defendants.

d.       Whether affirmative defenses bar each and all of the named Plaintiffs' claims.

e.       Whether a class should be certified pursuant to Fed. R. Civ. P. 23(a).

f.       Whether a class should be certified pursuant to Fed. R. Civ. P. 23(b)(2).

g.       Whether a class should be certified pursuant to Fed. R. Civ. P. 23(b)(3).

**4) MOTIONS**

Defendants' Fed. R. Civ. P. 12 motion is currently pending and is set to be heard on June 23, 2011.

Both parties anticipate motions for partial or full summary judgment with respect to claims and defenses.

Plaintiffs will file a motion for class certification.  The parties will file with the Court by September 15, 2011 a proposed schedule for the class certification briefing and hearing (as well as a comprehensive pre-class-certification discovery schedule).  The parties currently anticipate that the motion for class certification will be filed on June 1, 2012, but reserve the right to specify another date in the proposed schedule they will file on September 15, 2011.

**5) AMENDMENT OF PLEADINGS**

The parties suggest that the Court set July 31, 2011 as the deadline for further amendments to the pleadings.

**6) EVIDENCE PRESERVATION**

Plaintiffs' counsel have advised the class representatives to retain evidence and have been working with them to gather documents to be produced in response to Defendants document requests and/or with Plaintiffs' Fed. R. Civ. P. 26 disclosures.

Defendants have issued litigation hold notices and are working to gather documents to be produced in response to Plaintiffs' document requests and/or with Defendants' Fed. R. Civ. P. 26 disclosures.

**7) DISCLOSURES**

The parties have agreed to exchange initial disclosures pursuant to Fed. R. Civ. P. 26 on May 26, 2011.

**8) DISCOVERY**

*Discovery propounded to date and anticipated additional discovery.*  No written discovery has been completed.  Defendants have propounded document requests and interrogatories.  Plaintiffs have propounded document requests.  The parties have agreed to exchange responses to all outstanding discovery requests on June 9, 2011.  Each party anticipates that, after reviewing the other parties' initial discovery responses and Rule 26 disclosures, it will propound additional written discovery.

No deposition discovery has been completed.  Defendants anticipate deposing all of the named plaintiffs.  Plaintiffs anticipate deposing current and/or former employees of Kaiser as percipient witnesses or corporate designees regarding Defendants' company-wide hiring policies and practices, their centralized employment opportunity administration, their employment data systems

and other matters related to class certification.

*Proposed discovery plan.*  The parties will file with the Court by September 15, 2011 a proposed comprehensive pre-class-certification discovery schedule.  Prior to a ruling on class certification, the parties anticipate focusing their discovery efforts on class certification issues and claims and defenses related to the named plaintiffs.  At a further case management conference to be conducted after the Court rules on the class certification motion, the parties can submit a supplemental plan regarding any additional discovery to be completed and propose discovery cut-off dates.

*Limitations or modifications of discovery rules.*  The parties will file with the Court by September 15, 2011 their stipulation regarding any limitations or modifications of discovery rules.

The parties jointly agree to work in good faith to resolve any discovery disputes.

*Additional discovery issues.*  Defendants will request that Plaintiffs stipulate to a protective order and a protocol governing electronic discovery.  Plaintiffs are prepared to meet and confer in good faith regarding any such request.

## 9)   CLASS ACTIONS

*Timing.*   Motions on the pleadings still need to be resolved and, once the Defendants have filed an answer, it still will take many months to complete the written discovery and depositions relating to class certifications issues.  The parties will file with the Court by September 15, 2011 a proposed schedule for the class certification briefing and hearing (as well as a comprehensive pre-class-certification discovery schedule).  The parties currently anticipate that the motion for class certification will be filed on June 1, 2012, but reserve the right to specify another date in the schedule they will file on September 15, 2011.

*Plaintiffs' allegations re the basis for certifying a class.*  In their FAC, Plaintiffs' set forth the grounds on which they contend that class certification is proper in this action:

There are questions of law and fact common to the class and these questions predominate over individual questions. Such questions include, among others: (1) whether Kaiser's policies and practices have a disparate impact on African-American employees with respect to retention and promotion; (2) whether any disparate impact is justified by business necessity; (3) whether the disparate impact constitutes a violation of §1981, Title VII and FEHA; (4) whether Kaiser has engaged in a pattern and practice of disparate treatment adverse to African-American employees; (5) whether injunctive relief and other equitable remedies (including back pay and front pay) and compensatory damages are warranted for the African-American employee class; and (6) whether punitive damages are warranted.

The claims alleged by Plaintiffs are typical of the claims of the class. Plaintiffs and the members of the class have been similarly affected by defendants' wrongful conduct.

Plaintiffs will fairly and adequately represent the interests of the class and have retained counsel with substantial expertise and experience in the prosecution of employment litigation and class actions.

Class certification is appropriate pursuant to Fed. R. Civ. P. 23 (b)(2) because Kaiser has acted and/or refused to act on grounds generally applicable to the class, making appropriate declaratory and injunctive relief with respect to plaintiffs and the class as a whole. The members of the class are entitled to injunctive relief to end Kaiser's common, uniform, and unfair discriminatory personnel policies and practices.

Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the class have been damaged and are entitled to recovery as a result of Kaiser's common, uniform, and unfair discriminatory personnel policies and practices.

FAC ¶¶ 17 -13.

Defendants submit that Plaintiffs will not be able to represent a class that meets the requirements of all four of Rule 23(a)'s subparts *and* Rule 23(b)(3), nor may a class as alleged be certified under Rule 23(b)(2).

**10) RELATED CASES**

No related cases exist.

**11)  RELIEF SOUGHT**

In the FAC Plaintiffs in part seek injunctive and declaratory relief, punitive damages, and all damages which the individual Plaintiffs, the putative class and the putative subclass allegedly have sustained as a result of Defendants' conduct, including back pay, front pay, and general and special damages for lost compensation and job benefits that they would have received but for the alleged discriminatory practices of Defendants.

**12)  SETTLEMENT AND ADR**

If the parties believe that a settlement conference or other ADR would be useful prior to a ruling on class certification, they will include it in the proposed schedule they will file with the Court on September 15, 2011.

**13)  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties have not consented to assignment to a magistrate Judge for all purposes.

**14)  OTHER REFERENCES**

There is no need for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15)  NARROWING OF ISSUES**

The parties have agreed to meet and confer regarding Defendants' motion to dismiss and will explore the possibility of narrowing the issues raised by that motion.

**16)  EXPEDITED SCHEDULE**

No expedited litigation schedule is appropriate in this matter.

**17)  SCHEDULING**

The parties suggest that the Court defer setting discovery cut-off dates, a trial date, cut-off dates for the filing of dispositive motions, and other pre-trial dates until the parties have briefed and

the Court has resolved Plaintiffs' motion for class certification.

## 18) TRIAL

The parties request that the Court defer setting a trial date until after the conclusion of class certification proceedings.

## 19)   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are not aware of and have not disclosed any non-party persons, firms, partnerships, corporations or other entities known to have a financial interest that could be substantially affected by the outcome of this proceeding.

## 20) OTHER MATTERS

The parties suggest that the Court set the next Case Management Conference for September 29, 2011.  Should the parties find that an earlier conference is needed, they will notify the Court.

Dated:  May 5, 2011

__/s/ Gordon W. Renneisen_____
GORDON W. RENNEISEN, CA Bar No. 129794
grenneisen@cornerlaw.com
Cornerstone Law Group
595 Market Street, Suite 2360
San Francisco, CA 94105
Telephone:  (415) 625-5025
Facsimile:  (415) 655-8236

JEREMY L. FRIEDMAN, CA Bar No. 142659
jlfried@comcast.net
Attorney At Law
2801 Sylhowe Road
Oakland, CA 94602
Telephone: (510) 530-9060
Facsimile: (510) 530-9087

KENDRA L. TANACEA, CA Bar No. 154843
kendra.tanacea@sbcglobal.net
Law Offices of Kendra L. Tanacea
198 Corbett Avenue
San Francisco, CA 94114
Telephone: (415) 934-8844
Facsimile: (415) 934-8840

*Counsel for Plaintiffs and all others similarly-situated*

1

2

    __/s/ Nancy L. Abell_____

NANCY L. ABELL (SB# 088785)

3

nancyabell@paulhastings.com

HEATHER A. MORGAN (SB# 177425)

4

heathermorgan@paulhastings.com

PAUL, HASTINGS, JANOFSKY & WALKER LLP

5

515 South Flower Street, Twenty-Fifth Floor

Los Angeles, CA 90071-2228

6

Telephone: (213) 683-6000

Facsimile: (213) 627-0705

7

8

*Counsel for Defendants*

Kaiser Foundation Health Plan, Inc. Kaiser Foundation

9

Hospitals, and The Permanente Medical Group, Inc.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[~~PROPOSED~~] CASE MANAGEMENT ORDER**

Based upon the foregoing Joint Case Management Statement, and good cause appearing, the Court HEREBY ORDERS AS FOLLOWS:

The next Case Management Conference in this matter will go forward on September 29, 2011.  By September 15, 2011 the parties shall file an updated Joint Case Management Statement, together with a proposed comprehensive pre-class-certification discovery schedule (including any proposals re limitations or modifications of discovery rules) and a proposed briefing and hearing schedule for the motion for class certification.

IT IS SO ORDERED.

DATED:  _5/9/11_____        _____

THE HONORABLE RICHARD G. SEEBORG
UNITED STATES DISTRICT JUDGE