UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRENDA HILL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., et al.,<br><br>    Defendants. | Case No. 10-cv-02833-LB<br><br>**ORDER**<br><br>Re: ECF No. 253 |

The court previously entered an order describing the process to resolve the fees dispute. (*See* Order, ECF No. 236.[1]) It then issued an order describing the additional parameters for the motion (such as supporting declarations) and setting January 7, 2016, as the last day for Mr. Friedman to file his motion. (See ECF No. 249.) The court also defined a strategy for raising scheduling disputes, including a joint submission with a chart to raise differences about schedules. (*See id.*). Mr. Friedman then filed an administrative motion to extend the time to file his brief until February 4, 2016. (*See* ECF No. 253.) In quick order, the plaintiffs opposed it, Mr. Friedman replied, and the plaintiffs replied. (*See* ECF Nos. 254, 256, 257.) The court now orders the following.

First, for good cause, it grants Mr. Friedman's motion, which extends the time period to file

---

[1] Citations are to the Electronic Case File ("ECF"); pin cites are to the ECF-generated page numbers at the tops of the documents.

ORDER (No.10-cv-02833-LB)

the brief until February 4, 2016. This triggers the following schedule under the local rules: the opposition is due February 18, 2016, the reply is due February 25, 2016, and the hearing will be March 10, 2016, at 9:30 a.m. The court's prior reference to the "holidays" was meant to shield the plaintiffs' schedule, not be a sword to oppose any continuance, no matter what the ground.

Second, the court of course will consider any "ancillary issues" that the parties raise. (*See* Mr. Friedman's Administrative Motion, ECF No. 23 at 4-5).That said, it considered its approach thoroughly in the prior orders, and the parties should not expect any deviation from it.

Third, the court reiterates its prior order at ECF No. 249 that any requests to change the schedule must be joint. The court also refines its process for raising scheduling disputes as follows. Before filing a request, the parties must meet and confer at least by telephone if other means do not resolve the dispute. The format for the joint submission is as follows. The title must be "Joint Submission Re Schedule Dispute" (or the equivalent), and the first line must contain an attestation that the parties complied with the meet-and-confer process. The paragraphs that follow must be as follows: 1) the requesting party's reason for a change in no more than 250 words; 2) the opposing party's opposition in no more than 250 words; 3) the requesting party's reply to the opposition in no more than 100 words; 4) the chart in ECF No. 249; and 5) the parties' signatures followed by a proposed order in the form of, "The court imposes the schedule in the chart. It is so ordered." If the court wants a more detailed explanation, it will ask for it. Also, if the parties really cannot navigate filing a joint request, the requesting party may prepare the draft joint request and email it to the opposing party. Within two business days, the opposing party must insert its section and email it back. Within one business day, the requesting party will e-file the request.

Finally, the filings at ECF Nos. 253, 254, 256, and 257 created unnecessary work, caused delay, violated the court's order at ECF No. 249, and are not consistent with the district court's civility guidelines and the undersigned's own approach to resolving disputes. *See* http://www.cand.uscourts.gov/professional_conduct_guidelines. The parties can do better.

**IT IS SO ORDERED.**

Dated: _____
LAUREL BEELER
United States Magistrate Judge

10-cv-02833-LB

2